UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY VAN POPERIN and
EUGENE N. HARGRAVE,

    Plaintiffs,

                                                Case No. 10-11110
-vs-                                          Hon: AVERN COHN

HEWLETT-PACKARD COMPANY,
a corporation,

    Defendant.
_____/

**MEMORANDUM AND ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO DISMISS**

**I. Introduction**

This is an Age Discrimination in Employment Act (ADEA) case, 29 U.S.C. § 621 et seq., with pendent state law claims. Plaintiffs Gary Van Poperin (Van Poperin) and Eugene Hargrave (Hargrave) claim that they were wrongfully terminated by their former employer, Defendant Hewlett-Packard Co. (HP), because of their age. The complaint is in four counts:

    (I)     Violation of ADEA-Disparate Treatment,

    (II)    Violation of Elliott-Larson Civil Rights Act (ELCRA) MCLA 37.2201 et seq.

          - Disparate Treatment,

    (III)   Violation of ADEA-Disparate Impact, and

    (IV)   Violation of ELCRA-Disparate Impact

Now before the Court is HP's motion to dismiss under FED. R. CIV. P. 12(b)(6) on

the grounds that Plaintiffs' complaint does not allege sufficient facts to state a claim for disparate treatment or disparate impact under the ADEA or ELCRA, and (2) Plaintiffs are not entitled to class certification with respect to the ELCRA claims. For the reasons that follow, the motion will be granted on Counts I and II and denied on Counts III and IV.

## II.  Background

The following facts are taken from the complaint:

This case arises out of the long-term employment and subsequent termination of Van Poperin and Hargrave, both age 62, by HP. Plaintiffs, who had been employed by HP and its predecessors for over 30 years, were terminated in 2009 pursuant to a company employment practice known as Workforce Reduction (WFR). HP used a forced ranking employee evaluation system to compare individual employees to each other. The results of the forced ranking system were used in the implementation of the WFR. The WFR resulted in the termination of a disproportionately larger number of older employees than younger employees. Specifically, Plaintiffs claim that 14.23 % (41 of 288) of employees aged 50 or over were terminated while 9.12% (57 of 625) of employees under age 50 were terminated. Plaintiffs claim that the forced ranking system was discriminatory against older employees, and that its use in terminating Plaintiffs and others constitutes the basis of a claim.

On March, 10 2010 Plaintiffs' filed their complaint (Doc. 1).

On May 7, 2010 HP filed its motion (Doc. 8).

On May 25, 2010, the Court granted an extension for Plaintiffs to file their Response (Doc. 11).

On June, 23, 2010 Plaintiffs' filed their response to HP's motion (Doc. 13).

### III.  Legal Standard

A motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) tests the sufficiency of a complaint.  To survive a Rule 12(b)(6) motion, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007); see also Ass'n of Clevelant Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007).  The court is "not bound to accept as true a legal conclusion couched as factual allegation."  Ashcroft v. Iqbal, _____ U.S. _____, 129 S.Ct. 1937, 1950 (2009) (internal quotation marks and citation removed).  Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Id.  Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief."  Id.  In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."  Id. at 1949 (internal quotation marks and citation omitted). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." Id. at 1940.

"[A]lthough the plaintiff need not plead facts that constitute a prima facie case

under the framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), in order to survive a motion to dismiss, Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002), a civil rights plaintiff retains the burden of alleging facts sufficient to state a claim entitling her to relief." Harman v. Unisys Corp., 356 Fed. App'x 638, 640 (4th Cir. 2009) (citation omitted).  However, "it seems reasonable to conclude that a complaint that pleads facts in support of each element of a prima facie case of discrimination . . . necessarily meets Iqbal's requirement that the complaint show more than the mere possibility of misconduct.  Grizzell v. Cyber City Teleservices Marketing, Inc., No. 09-1141, WL 2622933, at *5 (M.D. Tenn. June 25, 2010).

### IV. Analysis

### A. The Law

### 1. ADEA

Under the ADEA it is unlawful for an employer:

> (1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age, [or]
>
> (2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age.

29 U.S.C. § 623(a)(2).

### a.

"To state a claim under a disparate treatment theory, a plaintiff must allege that 'age was a determining factor in the adverse action that the employer took against him

or her.'" McKnight v. Gates, 282 Fed.Appx. 394, 399 (2008 Tenn.) (quoting Phelps v. Yale Sec., Inc., 986 F.2d 1020, 1023 (6th Cir. 1993)).  The Sixth Circuit "has held that 'an employer may not use any . . . factors as a proxy for age, but age itself must be the motivating factor behind the employment action in order to constitute an ADEA violation.'"  Id. (quoting Allen v. Diebold, Inc., 33 F.3d 674, 676 (6th Cir. 1994)).  Failure to sufficiently allege intent is fatal to an age discrimination case involving a claim of disparate treatment.  Gieger v. Tower Automotive, 579 F.3d 614, 626 (6th Cir. 2009) ("The ultimate question in every employment discrimination case involving a claim of disparate treatment is whether the plaintiff was the victim of intentional discrimination." (citations omitted)); see also, Allen v. Diebold, Inc., 33 F.3d 674, 676 (6th Cir. 1994); Phelps v. Yale Security, Inc., 986 F.2d 1020, 1023 (6th Cir. 1993).

**b.**

Unlike a claim of disparate treatment which requires a showing of intent to discriminate, a claim of disparate impact involves a facially neutral employment practice which nonetheless impacts a protected group more harshly than other non-protected individuals.  Allen v. Highlands Hospital Corp., 545 F.3d 387, 403 (6th Cir. 2008).  To establish a prima facie case of disparate impact, a plaintiff must "identity a specific employment practice to be challenged; and (2) through relevant statistical analysis, prove[] that the challenged practice has an adverse impact on a protected group."  Isabel v. City of Memphis, 404 F.3d 404, 411 (6th Cir. 2005).

As "a rule of thumb," a plaintiff has sufficient statistical support for a claim of disparate impact through the four-fifths rule, where the selection rate of a group is less than 80% of the selection rate of the group with the highest rate.  Watson v. Fort Worth

Bank and Trust, 487 U.S. 977, 995-96 n.3 (plurality opinion); Ricci v. DeStafano, ___ U.S. ___, 129 S. Ct. 2658, 2678 (2010); 29 C.F.R. § 1607.4(D).

To state a prima facie case under the ADEA for purposes of the McDonnell-Douglas burden shifting test, a plaintiff must allege "that she is age 40 or over, was subjected to an adverse employment action, was qualified for the position, and was replaced by a younger person." Smith v. Allstate Insurance Co., 195 Fed. App'x 389, 394 (6th Cir. 2006). However, in the case of a WFR, a plaintiff can state the fourth element by alleging "direct, circumstantial, or statistical evidence tending to indicate that the employer singled out the plaintiff for discharge for impermissible reasons." Barnes v. Gencorp., 896 F.2d 1457, 1465 (6th Cir. 1990).

## 2. ELCRA

Under the ELCRA, it is unlawful for an employer to:

> (a) [f]ail or refuse to hire or recruit, discharge, or otherwise discriminate against an individual with respect to employment, compensation, or a term, condition, or privilege of employment, because of religion, race, color, national origin, age, sex, height, weight, or marital status, [or]
>
> (b) [l]imit, segregate, or classify an employee or applicant for employment in a way that deprives or tends to deprive the employee or applicant of an employment opportunity, or otherwise adversely affects the status of an employee or applicant because of religion, race, color, national origin, age, sex, height, weight, or marital status.

Mich Comp. Laws 37.2202.

"ELCRA claims are analyzed under the same standards as federal ADEA claims." Geiger, 579 F.3d at 626 (quoting Blair v. Henry Filters, Inc., 505 F.3d 517, 523 (6th Cir. 2007)). For this reason, the Court will not address the ELCRA separately from

the ADEA claims.

## B. Analysis

### 1. Disparate Treatment (Counts I and II)

For the reasons stated on the record on July 13, 2010 Plaintiffs' complaint fails to state a claim of disparate treatment. The allegations in paragraphs 28 and 39 express an opinion that forced ranking systems inherently discriminate against older employees and that HP was aware of this fact. The allegations fail, however, to provide any factual support explaining why these opinions are correct. They are simply the drafter's view of the consequences of the workforce reduction system.

### 2. Disparate Impact (Counts III and IV)

The court will begin by identifying the allegations in the complaint that are not entitled to an assumption of truth. Id. 1950. Paragraphs 47 and 52 allege that the forced ranking system employed by the Company "had a disparate impact on the Company's older salaried employees considered for separation under the WFR." This statement is a legal conclusion requiring factual support. To support this conclusion, the complaint alleges that GP employed a forced ranking system to implement a reduction in workforce. As a result of that process, both Van Poperin and Hargrave, aged 62, were terminated. In addition, Plaintiffs allege that 14.23% of employees aged 50 or older were terminated while only 9.12% of employees younger than 50 were terminated. They calculate that the termination rate of young employees was only 64% of the termination rate of older employees. They further state that the four-fifths rule for establishing a prima facie case of disparate impact has been recently endorsed by the

Supreme Court in <u>Ricci v. DeStefano</u>, 129 S.Ct. 2658 (June 30, 2009).  These factual allegations are entitled to the assumption of truth and describe a specific employment practice, the forced ranking system, that yielded a statistical disparity resulting the termination of more older employees than younger employees.  This is sufficient to establish a <u>prima facie</u> case of disparate impact.  <u>See</u> <u>Isabel</u>, 404 F.3d at 411.

Moreover, Plaintiffs can establish a <u>prima facie</u> case of disparate impact under the <u>McDonnell-Douglas</u> burden shifting test for circumstantial evidence.  Plaintiffs are older than 40, they were qualified for their jobs based on past service, and suffered an adverse action when they were terminated.  In addition, the statistical evidence described above supports an inference that older workers were singled out for discharge. <u>See</u> <u>Barnes v. Gencorp.</u>, 896 F.2d at 1465.

Because Plaintiffs' complaint includes sufficient factual allegations to state each element of a prima facie case of disparate impact, it states a plausible claim for relief.  Therefore, Plaintiffs' claims of disparate impact will not be dismissed.

### 3. Challenges to Class Certification

HP's challenges to class certification are premature.  Once Plaintiffs have successfully plead their claims in conformity with <u>Iqbal</u> and <u>Twombly</u>, they may file a motion seeking class certification.  HP may raise its objections at that time.

## V. Conclusion

For the reasons states above, HP's motion to dismiss is GRANTED without prejudice with respect Counts I and II and DENIED with respect to Counts III and IV. Plaintiffs have until July 30, 2010 to file an amended complaint.

SO ORDERED.

    S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: July 15, 2010

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, July 15, 2010, by electronic and/or ordinary mail.

    S/Michael Williams
Relief Case Manager, (313) 234-5160